**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PAMELA POWELL, | Civil Action No. |
|    Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| BURGER DOCS ATLANTA, INC., | |
|    Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Pamela Powell ("Plainiff" or "Ms. Powell"), by and through undersigned counsel, and files this, her Complaint for Damages against Defendant Burger Docs Atlanta, Inc. ("Defendant"), and respectfully shows the Court as follows:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful retaliation.

## II.  JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a foreign profit corporation qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III.   PARTIES

6.

At all times relevant to this matter, Defendant employed Ms. Powell.  Ms. Powell submits herself to the jurisdiction of this Court.

7.

At all times material hereto, Defendant has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

9.

Defendant may be served through its Registered Agent, Mari L. Myer, Esq., located at The Myer Law Firm, 125 East Trinity Place, Suite 308, Decatur, Georgia 30030.

### IV.   ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC").

11.

The EEOC issued a "Notice of Right to Sue" on June 6, 2019, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

12.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## V.    FACTUAL ALLEGATIONS

13.

Ms. Powell was hired by Defendant in February 2018, as a Manager.

14.

On or about November 19, 2018, Ms. Powell witnessed the General Manager, Tia Viaton, sexually harass a co-worker, Kenneth Hunt.

15.

Ms. Viaton grabbed Mr. Hunt by his privates.

16.

Mr. Hunt became visibly upset.

17.

When Ms. Powell asked Mr. Hunt how often Ms. Viaton grabbed him like that, he replied that is happens often.

18.

Other employees also witnessed Ms. Viaton assault Mr. Hunt.

19.

Mr. Hunt reported the sexual harassment to corporate.

20.

On or about December 9, 2018, Ms. Powell was contacted by the owner, Michele McCauley, concerning Mr. Hunt's allegations.

21.

Ms. Powell reported to Ms. McCauley what she had witnessed and what Mr. Hunt had reported to her.

22.

Two days later, Ms. McCauley called Ms. Powell back and attempted to discredit what she had reported.

23.

Ms. McCauley also reprimanded Ms. Powell for something that she had already been reprimanded for and had not repeated.

24.

When Ms. McCauley asked Ms. Powell to sign a statement relating to Mr. Hunt's sexual harassment complaint, Ms. McCauley brought up the old issue and reprimand again for no reason.

25.

Ms. McCauley reduced Ms. Powell's weekly hours from 40 to 24.

26.

Prior to submitting a statement in support of Mr. Hunt's allegations, Ms. Powell routinely worked 40 or more hours per week.

27.

On or about December 11, 2018, Ms. Powell took her 15 minute break.

28.

When Ms. Powell returned from her break, she was terminated by Ms. Viaton for job abandonment.

29.

Defendant terminated Ms. Powell in retaliation for supporting Mr. Hunt's claims of sexual harassment by Ms. Viaton.

30.

Defendant's proffered reason for terminating Ms. Powell's employment is a pretext for retaliation.

## VI.   CLAIMS FOR RELIEF

## COUNT ONE:  RETALIATION IN VIOLATION OF TITLE VII

31.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

32.

Plaintiff's verbal and written statements to the owner in support of Mr. Hunt's allegations of sexual harassment constitute conduct protected under Title VII.

33.

Defendant's termination of Plaintiff's employment because of her statements concerning sexual harassment by the General Manager constitutes unlawful retaliation in violation of Title VII.

34.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

35.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

37.

Defendant is therefore liable for damages caused proximately resulting from its retaliation against Plaintiff.

**COUNT TWO:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1**

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

The foregoing acts of Defendant were intentional and humiliating, and evidence a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm.  Ms. Powell is entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendant, or to deter from repeating such wrongful acts.

## <u>COUNT THREE:  ATTORNEYS' FEES AND EXPENSES<br>OF LITIGATION, O.C.G.A. § 13-6-11</u>

40.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

41.

Defendant acted in bad faith, been stubbornly litigious, and/or caused Ms. Powell unnecessary trouble and expense in litigating this case, and Ms. Powell is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)        All other relief to which he may be entitled.


Respectfully submitted the 23rd day of August, 2019.

**BARRETT & FARAHANY**

*/s/ Calvin W. Blackburn, III*
Calvin W. Blackburn, III
Georgia Bar No. 196674

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
calvin@justiceatwork.com